UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE J. SAUNDERS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CDCR, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE No.   1:13-cv-00046-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**FIRST SCREENING ORDER**

**I.　PROCEDURAL HISTORY**

　　Plaintiff Theodore J. Saunders, a state prisoner proceeding pro se, filed this civil rights action on January 11, 2013 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) The Complaint is now before the Court for screening.

**II.　SCREENING REQUIREMENT**

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

-1-

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at Avenal State Prison ("ASP") and due for release May 17, 2013. He alleges Defendants have denied him the state substance abuse aftercare funding he earned by completing a prison substance abuse program; usurped his property right in this funding; and breached their substance abuse program contract with him.

Plaintiff entered and completed an ASP substance abuse program ("SAP") provided by third party provider, Centerpoint Inc. ("Centerpoint"). He did so based on representations by his CCI Counselor and the Director of Centerpoint that he "would be eligible for SAP aftercare funding through [the Substance Abuse Service Coordinating

Agency ("SASCA")] upon [his] release." (Compl. at § IV.) The CCI Counselor later told him that since he was to be released on probation in lieu of parole he would not be eligible for state sponsored SASCA aftercare funding. (Id.)

He lists the following Defendants in the caption of his Complaint (1) CDCR - California Department of Corrections and Rehabilitation; (2) Centerpoint Inc.; (3) SASCA- Substance Abuse Service Coordinating Agency. (Id. at 1.) He identifies the following as Defendants in the body of his Complaint (1) J. Lourenco, CCI Counselor at AVP; (2) Tino Rayos, Director of Centerpoint SAP at AVP; (3) Mathew Cate, Secretary of CDCR; (4) Clark Kelso, Receiver for CDCR Healthcare; (5) Warden, AVP. (Id. at § III.)

He requests that CDCR, Centerpoint and SASCA be held responsible for his earned aftercare service or be held financially liable for alternative aftercare service. (Id. at § V.)

Plaintiff's state court habeas petition seeking relief on the same grounds has been denied. (Id. at 4.)

## IV.   ANALYSIS

### A.   Pleading Requirements Generally

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that

the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Every pleading must be signed personally by an unrepresented party. Fed. R. Civ. P. 11(a).

**B.     Unnamed Defendants**

Defendants listed in the caption of Plaintiff's Complaint are not referred to in the substantive charging allegations.

Plaintiff may not bring suit against unnamed defendants. Fed. R. Civ. P. 8(a).

Plaintiff will be given leave to amend. In any amended pleading, Plaintiff must identify the individual(s) against whom he seeks relief, or name Doe defendant(s) pending discovery of individual name(s), and allege facts sufficient to support a finding that each named defendant personally violated, or knowingly directed a violation of, or knew of and failed to act to prevent a violation of, or was deliberately indifferent to an excessive risk of violation of, his constitutional rights.

### C. State Agencies

The Eleventh Amendment prohibits suits against state agencies. See Natural Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir.1989). Because CDCR is a state agency, it is entitled to Eleventh Amendment immunity from suit. Likewise the SASCA, if a department of the CDCR.

In any amended pleading, Plaintiff must not name as defendant a state entity that is immune from suit.

### D. Supervisory Liability

The Supreme Court emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 556 U.S. at 678. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under Section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either:

personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.' " Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

In any amended pleading, Plaintiff must allege facts sufficient to support a finding that each Defendant personally violated, or knowingly directed a violation of, or knew of and failed to act to prevent a violation of, or was deliberately indifferent to an excessive risk of violation of, his constitutional rights.

**E.     Federal Claims**

Plaintiff claims SAP funding upon his release.[1] However, he fails to identify any basis for claiming that federal law protects his alleged interest in or right to such funding.

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974).

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. . . . [The person] must, instead, have a legitimate claim of entitlement to it. . . . Property interests, of course, are not created by the

---

[1] Should Plaintiff seek speedier release from confinement, he would be required to proceed by way of a federal habeas corpus proceeding, which in turn requires exhaustion of state remedies. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Constitution. Rather[,] they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972); see also Town of Castle Rock, v. Gonzales, 545 U.S. 748, 756 (2005); Johnson v. Rancho Santiago Cmty. Coll. Dist., 623 F.3d 1011, 1030 (9th Cir. 2010); Doyle v. City of Medford, 606 F.3d 667, 672 (9th Cir. 2010).

Plaintiff's allegation he completed the SAP with the understanding he would be eligible for SAP funding reflects far less than a right to or expectation of such funding. His claims taken as true do not establish a contractual obligation to provide the funding, but even if they did there is no constitutional entitlement to it or an unconstitutional deprivation of it. An ordinary suit arising out of a contract is outside federal question jurisdiction even where a federal statute reinforces the primary contract rights or where a federal statute or regulation is incorporated into the contract. Pan Am. Petroleum Corp. v. Superior Court of Del. In and For New Castle County, 366 U.S. 656, 661 (1961).

Plaintiff has no independent constitutional right to rehabilitation. See Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).

**F.     State Law Claims**

Plaintiff alleges Defendants told him he would be eligible for SAP funding, he

then entered an SAP agreement and completed the program, only to be told he would not be eligible for SAP funding.

The Court will not address the viability of any state law claims at this time because it will not exercise supplemental jurisdiction over state law claims unless Plaintiff is able to state a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under Section 1983. The Court will grant him an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 667-68. He must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.' " Id. at 678, quoting Twombly, 550 U.S. at 555. He must also demonstrate that each named Defendant personally participated in a deprivation of his rights under color of state law. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). He should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general

rule, an amended complaint supersedes the original complaint. See Loux, 375 F.2d at 57. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form, and (2) a copy of his Complaint filed January 11, 2013;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order; and

////////
////////
////////
////////
////////
////////

4. If Plaintiff fails to file an amended complaint in compliance with this Order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:    February 1, 2013            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE