UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THEODORE J. SAUNDERS, | ) | CASE No. 1:13-cv-00046-MJS (PC) |
| Plaintiff, | ) | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | ) | (ECF No. 6) |
| CDCR, et al., | ) | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | ) | |

## SECOND SCREENING ORDER

**I.    PROCEDURAL HISTORY**

Plaintiff Theodore J. Saunders, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on January 11, 2013 pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

The Court screened and dismissed the Complaint for failure to state a claim, but gave leave to file an amended complaint. (ECF No. 5.) Plaintiff filed a First Amended Complaint on February 13, 2013. (ECF No. 6.) The First Amended Complaint is now

-1-

before the Court for screening.

## II. <u>SCREENING REQUIREMENT</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." <u>Wilder v. Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989).

## III. <u>SUMMARY OF FIRST AMENDED COMPLAINT</u>

Plaintiff is incarcerated at Avenal State Prison ("ASP"). He is due for release on November 29, 2013. He graduated from an ASP substance abuse program ("SAP") provided by Defendant Centerpoint Inc. ("Centerpoint"). He did so based on the promise of state sponsored Substance Abuse Service Coordinating Agency ("SASCA")

funding in an aftercare program of his choosing upon release.

Plaintiff claims that the California Department of Corrections and Rehabilitation ("CDCR"), pursuant to recently adopted state prison realignment law (AB 109), determined he will be released on local probation, rather than state supervised parole. This, he says will render him ineligible for SASCA aftercare funding upon his release.

Plaintiff claims his SAP program contract has been breached.

He also claims he has been discriminated against and denied equal protection and due process because he has been treated differently from many of his classmates, who graduated SAP and received approval for SASCA sponsored aftercare while being placed on probation.

He names as Defendants (1) J. Lourenco, CCI Counselor at ASP; (2) Centerpoint Incorporated SAP Program; (3) Denise Richardson, Director of SAP; (4) Celestina "Tino" Rayos, Supervisor of SAP, and (5) Martha "Marti" Clark, Transitional Counselor of SAP.

He seeks (1) to enjoin CDCR from "applying this form of disparate treatment unfairly and prejudicially to unfortunate SAP graduates [who are] victims of AB 109"; and (2) "SASCA funding or the funding from another source to attend an aftercare facility of [his] choosing." (First Am. Compl. at § V.)

Plaintiff' also filed a state court habeas petition seeking an order that ASP release him on parole rather than probation so he could receive SAP aftercare services. That petition was denied on December 18, 2012.

////////
////////

-3-

## IV. ANALYSIS

### A. Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

### B. No Relief Available Against CDCR

Plaintiff seeks injunctive relief against the CDCR. He may not do so.

The CDCR is not a named defendant. Relief is not available against an unnamed party. Fed. R. Civ. P. 8(a). Additionally, as Plaintiff was advised in the First Screening Order, the Eleventh Amendment prohibits suits against state agencies. See Natural Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991);

Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because CDCR is a state agency, it is entitled to Eleventh Amendment immunity from suit.

Plaintiff may not name or seek relief from the CDCR in any amended pleading.

### C.     No Linkage to Named Defendants

Plaintiff has not stated a claim against any named Defendant because he has not linked any Defendant to any alleged violation of his rights.

Under 42 U.S.C. § 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 676–677.

Plaintiff's statement of claim does not reference any Defendant. He has not alleged facts demonstrating that any Defendant took any action to violate his rights.

Plaintiff will be given leave to amend. If he chooses to amend, he should allege facts showing that each Defendant, through his or her own individual actions, violated his constitutional rights.

### D. No Liability for Private Action

Plaintiff names an apparent non-public entity, Centerpoint Incorporated, and its agents and employees as Defendants in this action.

Generally, private parties do not act under color of state law. Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295 (2001); Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746–47 (9th Cir. 2003); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999); Price v. Hawaii, 939 F.2d 702, 707–08 (9th Cir. 1991). "The United States Constitution protects individual rights only from government action, not from private action." Single Moms, Inc., 331 F.3d at 746. "Only when the government is responsible for a plaintiff's complaints are individual constitutional rights implicated." Single Moms, Inc., 331 F.3d at 746–47, citing Brentwood Academy, 531 U.S. at 295.

"[S]tate action may be found if, though only if, there is such a close nexus between the state and the challenged action that seemingly private behavior may be fairly treated as that of the state itself." Brentwood Academy, 531 U.S. at 295. Private entities have been treated as state actors when they are controlled by a state agency, when they have "been delegated a public function by the [s]tate," when they are "entwined with governmental policies," and when the "government is entwined in [their] management or control." Brentwood Academy, 531 U.S. at 296; see also Bektic–Marrero v. Goldberg, 850 F.Supp.2d 418, 426–27 (S.D.N.Y. 2012) (private physician under contract to provide part-time medical services for state acting under color of state law).

Plaintiff fails to allege facts suggesting the private Defendants were acting under

color of state law when allegedly violating Plaintiff's rights.

Plaintiff will be given leave to amend. If he chooses to amend, he should allege facts showing how each Defendant was acting under color of state law when allegedly violating Plaintiff's rights.

### E.  No Federal Claims[1]

#### 1.  Equal Protection

Plaintiff claims he has been discriminated against and denied equal protection and due process because he has been treated differently from many of his classmates, who graduated SAP and received approval for SASCA sponsored aftercare while being placed on probation.

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class. See e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

---

[1] Should Plaintiff challenge his state sentence or seek speedier release from confinement, he would be required to proceed by way of a federal habeas corpus proceeding, which in turn requires exhaustion of state remedies. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff does not allege membership in a suspect class. However, he does claim that fellow SAP graduates "have been approved for SASCA sponsored aftercare while being placed on probation" and that he has been placed on probation "rendering [him] ineligible for SASCA funding." (First Am. Compl. at § IV.)

The Court can not determine from the facts alleged if Plaintiff's right to equal protection has been violated. It is not clear whether Plaintiff is situated similarly to other SAP graduates in terms of SAP contract provisions, release dates, and terms and conditions of probation. He does not allege his fellow graduates, approved for SASCA aftercare, receive the funding he alleges he is denied. He does not say who undertook to and did treat him differently or explain his basis for claiming they did so intentionally and without any rational basis for doing so. See Village of Willowbrook, 528 U.S. at 1074-75, citing Sioux City Bridge Co. v. Dakota County, 260 U.S. 441, 445 (1923), quoting Sunday Lake Iron Co. v. Township of Wakefield, 247 U.S. 350, 352 (1918) ("[T]he purpose of the equal protection clause of the Fourteenth Amendment is to

secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.").

Indeed, it appears from that which has been pled that Plaintiff may simply be an unintended victim of administrative actions taken for reasons of efficiency and/or economy. While that may be unfair to Plaintiff and may even give rise to an action for breach of contract, it does not on its face constitute a constitutional wrong or create a civil rights cause of action.

Plaintiff will be given leave to amend. If he chooses to amend, he should supply requested information and meet the pleading standards set out herein.

2. Due Process

a. No Property Interest

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it . . . . [The person] must, instead, have a legitimate claim of entitlement to it . . . . Property interests, of course, are not created by the Constitution. Rather[,] they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972); see also Town of Castle Rock, v. Gonzales, 545 U.S. 748, 756 (2005); Johnson v. Rancho Santiago Cmty. Coll. Dist., 623 F.3d 1011, 1030 (9th Cir. 2010); Doyle v. City of Medford, 606 F.3d 667, 672 (9th Cir. 2010).

Plaintiff claims he completed the SAP with the understanding he would be eligible for SASCA funding. That expectation does not reach the level of an agreement or a promise of such funding.

b.      Breach of Contract is Not Actionable

Plaintiff's allegations also fail to reflect a contractual obligation to provide the funding. But even if it did, an enforceable agreement to that effect and its breach would give rise only to a simple breach of contract claim, not a constitutional claim. An ordinary contract suit is outside federal question jurisdiction even where a federal statute reinforces the primary contract rights or where a federal statute or regulation is incorporated into the contract. Pan Am. Petroleum Corp. v. Superior Court of Del. In and For New Castle County, 366 U.S. 656, 661 (1961).

c.      Authorized, Intentional Deprivation is Actionable

An authorized, intentional deprivation of property is actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984), citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). However, an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment because California provides a meaningful post-deprivation remedy for the loss. Hudson, 468 U.S. at 533; Barnett v.

-10-

Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994), citing Cal. Gov't Code §§ 810–895.

Moreover, Plaintiff has identified no independent constitutional right to the particular type of rehabilitation he says he was promised. See Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).

Plaintiff will be given leave to amend. If he chooses to amend, he should supply facts showing an authorized, intentional deprivation of an enforceable property interest in SASCA funding.

### 3. No Damages nor Injoinable Action

Plaintiff seeks SASCA aftercare funding and to enjoin the alleged disparate treatment of SAP graduates.

To the extent the request for funding is a request for damages to cover the cost of aftercare treatment, the Supreme Court has held that "no compensatory damages [may] be awarded for violation of [a constitutional] right absent proof of actual injury." Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 308 (1986). No compensatory damages are to be awarded for the mere deprivation of a constitutional right. See Carey v. Piphus, 435 U.S. 247, 264 (1978).

As to Plaintiff's request for injunctive relief, whether temporary or permanent, it is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir.1985), quoting Apple

Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right." Plaintiff appears to seek injunctive relief solely as to prospective harm, i.e., harm that will not occur until Plaintiff is released on probation on November 29, 2013.

Plaintiff will be given leave to amend. If he chooses to amend, he should supply facts showing a constitutional violation, causing actual injury, and that he needs and is entitled to injunctive relief under the above standard.

F.     **State Law Claims**

Plaintiff alleges that upon graduating the SAP he was promised state sponsored SASCA funding in a sponsored aftercare program.

To the extent he may have a state law claim arising from such facts, this Court will not address same at this time because it will not exercise supplemental jurisdiction over state law claims unless Plaintiff is able to state a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

///////

///////

## V.     CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff **one final** opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.' " Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint", refer to the appropriate case number, and be an original signed

under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his First Amended Complaint filed February 13, 2013;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order; and

4. If Plaintiff fails to file an amended complaint in compliance with this Order, it is recommended that this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   March 12, 2013                  /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE