UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE J. SAUNDERS, | CASE No. 1:13-cv-00046-MJS (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER |
| v. | (ECF No. 8) |
| CDCR, et al., | FOURTEEN (14) DAY DEADLINE |
| Defendants. | |

Plaintiff Theodore J. Saunders is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed January 11, 2013 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Complaint was dismissed for failure to state a claim, but leave was given to file an amended pleading. (ECF No. 5.) Plaintiff filed a First Amended Complaint. (ECF NO. 6). It too was dismissed for failure to state a claim, but Plaintiff was again given leave to file an amended pleading if he did so by not later than April 16, 2013. (ECF No. 8.) The April 16th deadline passed without Plaintiff either filing an amended pleading or seeking an extension of time to do so.

    Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal [of a case]." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

    Plaintiff has not responded to the Court's Order (ECF No. 8).

    Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this Order, Plaintiff shall either show cause as to why this action should not be dismissed with prejudice for failure to comply with the Court's Order (ECF No. 8), or file an amended complaint; and

2. If Plaintiff fails to show cause or file an amended complaint, this action shall be dismissed, with prejudice, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   May 9, 2013           /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE